892 F.2d 74
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary C. DRENNEN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-2725.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 12, 1989.
Decided: Dec. 5, 1989.
 
 Robert Shelton Baker, Appalachian Research and Defense Fund, Inc., on brief, for appellant.
 Beverly Dennis, III, Chief Counsel, Charlotte Hardnett, Chief, Social Security Litigation Division, Gary S. Simpson, Department of Health & Human Services, Michael W. Carey, United States Attorney, Gary L. Call, Assistant United States Attorney, on brief, for appellee.
 Before HARRISON L. WINTER, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mary C. Drennen appeals the denial of her application for Supplemental Security Income payments based upon her claim of disability under Title XVI of the Social Security Act. The case is before us for review of an order of the district court which affirmed the decision of the Secretary denying such benefits. Our review is limited to a determination of whether the Secretary's findings are supported by substantial evidence. 42 U.S.C. § 405(g).
 
 
 2
 Appellant worked as a clerk in a department store until she sprained her back in August 1983. She has not returned to work, and she claims that she is disabled because of the combination of her many ailments. She does suffer from a shortened left leg, the result of childhood polio, lumbar strain, hypertension, nervous tension, sinus rhinitis caused by allergies, gastritis, depression and a dysthymic disorder.
 
 
 3
 The Secretary found that these conditions limited claimant's ability to perform work activities, but that her exertional and nonexertional limitations were not of such severity as to prevent her from performing her past relevant light work as a clerk in a department store. Mrs. Drennen claims that she meets the criteria of the listings of impairments, that the Secretary's decision is not supported by substantial evidence, and that the Secretary failed to properly consider her severe anxiety disorder.
 
 
 4
 We have reviewed the records and the briefs, and we find that the decision is based upon substantial evidence and there is no legal error present. There is substantial medical evidence that claimant's hypertension is adequately controlled by medication, that her back condition returned to normal after it was treated, that her sinus rhinitis is caused by certain dusty environments, but would not be aggravated by working in certain areas as a department store clerk, that according to electrocardiograms her chest pains are not caused by angina, and that the claimant's depression and dysthymic disorder would be improved if she obtained employment. A psychologist and a psychiatrist both were of the opinion that she could perform low stress simple work, and a vocational expert testified that claimant could perform the light work of her former employment as a department store clerk. These medical and vocational opinions are substantial evidence in support of the Secretary's finding.
 
 
 5
 We find that the facts and legal contentions are adequately presented in the briefs, the appendix, and the record now before the court and that oral argument would not aid the decisional process.
 
 
 6
 AFFIRMED.